## BULL *a.* MELLISS.

*Supreme Court, First District ; General Term, September, 1861.*

### EXECUTION AGAINST THE PERSON.

When an order of arrest has been granted against a defendant, as a provisional remedy, an execution may be issued against his person, upon judgment against him, without any order of the court.*

A motion for leave to issue such an execution, under such circumstances, should not be denied, but dismissed.

---

* In How *a.* FREAR (*Supreme Court, First District ; At Chambers*, 1861), it was *Held*, that an order of arrest having been granted in the action, and not having been vacated, plaintiff was entitled, after judgment, to issue execution against the person, of course ; and it was not necessary, in such case, that the judgment should award the execution, or show that the case was a proper one.

BARNARD, J.—An order of arrest was issued in this action, and the defendant arrested under it, who gave bail. No motion was made to discharge the order : judgment has been entered. Defendant now moves to set aside execution issued against the person, and the arrest thereon, because not warranted by the cause of action or judgment, or issued or allowed by order of the court or of any one of the justices thereof.

An order of arrest having been granted, and remaining in force, is sufficient to support an execution against the person, unless, indeed, the whole proceedings were void. I have looked into the papers to ascertain whether they are void or not, and am of opinion that they are not. It is not necessary that the judgment should award execution against, or that it should appear from the judgment that the case is one in which an arrest is authorized ; nor is it necessary that an execution against the person should be directed by a special order.

Defendant also moves to set aside the judgment, on the ground that the court had not jurisdiction of the subject-matter. In whatever light the complaint is considered, the court had jurisdiction. It is either an action for an accounting, or an action for money had and received in a trust capacity.

Defendant also moves, on the merits, to have his default in not answering set aside, and for permission to come in and defend.

A similar motion has before been made, on substantially the same papers, and denied. It cannot be again renewed.

Motion denied, with $10 costs of opinion.

In MOLENAER *a.* KOERNER (*Supreme Court, Second District ; Special Term*, 1861), it was *Held*, that execution against the person cannot be issued on a judgment, in an action in which the grounds of arrest are extrinsic to the cause of action,—*e. g.*, fraud in contracting the debt sued for,—unless an order of arrest was obtained before judgment ; and that fraud in contracting only a part of the debt would not

Bull *a.* Melliss.

Appeal from an order denying leave to issue execution against the persons of the defendants.

The court had ordered the arrest of the defendants during the pendency of this action, and upon appeal the order was

be ground for allowing execution against the person, on a judgment recovered for the whole debt.

The cause came up on defendant's motion to set aside an execution which had been issued against his person.

EMOTT, J.—This is a simple action on contract, for the price of goods sold by plaintiffs to defendant, between the first of October, 1860, and the first of April, 1861.

The plaintiffs obtained an order of arrest on an affidavit, alleging that the debt was fraudulently contracted. This order was vacated on motion, but with leave to the plaintiffs to apply again for an order of arrest after the complaint was served.

The grounds upon which the order of arrest was set aside, do not positively appear, nor do I distinctly remember what they were ; but I presume the principal, if not the only reason, was that the facts relied upon to show fraud were stated on the information and belief only of the plaintiffs or of the persons making the affidavits, and without giving the sources of information.

There was no further application for an order of arrest before judgment, and the complaint was simply upon contract containing no allegations of fraud. Judgment went for the plaintiffs by default for the amount of the debt, and having issued an execution against the defendant's property, which was not satisfied, they have now issued one against his person, which the defendant moves to set aside.

The defendant's counsel contends that, as the plaintiffs have never availed themselves of the privilege afforded them to renew their application for an arrest, the order vacating the first arrest is conclusive against them that the action is not one in which the defendant might have been arrested. There is much force in the suggestion, but I do not think it necessary to put the decision of the present motion on that ground. There are other reasons why I think this execution must be set aside.

The defendant's counsel further contends, that no execution against the person can be issued in an action in which the right to arrest grows out of extrinsic facts (as in the present instance, where the debt is alleged to have been contracted by fraud), and does not follow from the nature of the action itself, unless an order of arrest has been obtained in the action before judgment. That is, that where the plaintiff sues on a contract, and obtains a judgment for his debt, and has obtained no order of arrest against the defendant for fraud or otherwise, he cannot, after judgment, issue an execution against the person of the defendant, and justify it by affidavits, as he would an order of arrest. I have great doubts whether a contrary result does not follow from the reasoning and decision of the Court of Appeals, in Corwin *a.* Freeland (6 *N. Y.* (2 *Seld.*), 560) ; but the later cases have not deduced such a conclusion from that authority, and I shall not attempt to do so now. In Humphrey *a.* Brown (17 *How. Pr.*, 481), Judge Hogeboom expresses the opinion that no *ca. sa.* can issue in an action not bailable in its own nature, unless an order of arrest has been obtained before judgment. In Ken-

Bull *a*. Melliss.

affirmed by the general term, upon facts which are fully stated in our report of this case. (9 *Ante*, 58.) The plaintiff having subse-quently recovered judgment, moved at special term for leave to issue execution against the person, upon the same state of facts. The motion was denied, and the plaintiff appealed.

*William E. Curtis*, for the appellant, insisted that an order of arrest having been granted and enforced, and sustained at general term, plaintiff was entitled to leave to issue execution against the person. (17 *How. Pr.*, 481.)

*James T. Brady*, for the respondent, urged that the decision of the court at general term did not conclude the justice to whom the application for leave to issue execution was made, because the determination of the latter was founded on the report of the referee in the cause; and that of the court at general term was founded on conflicting affidavits.

By the Court.*—Ingraham, J.—The general term having decided that the defendants were liable to arrest, it was not ne-cessary to make any new motion for leave to issue execution against the person in the same case.

Even if such motion is made, so long as the order of arrest stands, and that order is made or affirmed by the general term, a judge at chambers should be bound by such decision, where the same has been decided upon the merits. Such an order

denburg *a*. Morgan (18 *Ib.*, 469), Judge Bosworth, of the Superior Court of New York, decides the very point now presented, in favor of the construction claimed by the defendant here. I shall follow this rule, and hold for this reason this execution must be set aside.

There is also a difficulty upon the facts which are relied upon by the plaintiffs. The credit was given by the plaintiffs, and the goods sold, as appears by the com-plaint at various times, between October 1, 1860, and April 1, 1861. The representa-tions which are charged to be fraudulent, were made in January, 1861, and after-wards. It can hardly be said upon these allegations, that the whole of the debt for which the plaintiffs have recovered judgment was fraudulently contracted, and it would not be sufficient to justify a *ca. sa.* upon this judgment that part of it was so.

The execution is set aside, with $10 costs, to be deducted from the plaintiffs' recovery. The plaintiffs may have a stipulation that the defendant will not bring an action for false imprisonment, as a condition of vacating the execution, if they desire it.

* Present, Ingraham, Clerke, and Leonard, JJ.

ought not to be reversed at special term, unless some new matter arising since the order was made is shown to warrant granting the motion.

This motion was unnecessarily made, and should have been dismissed. The order denying the motion should be reversed, and an order dismissing the motion made, without costs.